UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILD BAINBRIDGE, a non-profit corporation,

    Plaintiff,

v.

MAINLANDER SERVICES CORPORATION, an Oregon corporation; OIEN CONSTRUCTION, INC., a Washington corporation; UNITED STATES ARMY CORPS OF ENGINEERS, a federal agency; COLONEL MICHAEL McCORMICK, Seattle District of Army Corps of Engineers; and JANE and JOHN DOES 1-10,

    Defendants.

Case No. C04-5054FDB

ORDER SETTING BRIEFING SCHEDULES AND DIRECTING ENTRY OF SCHEDULING ORDER

In response to the Court's earlier order requiring a Joint Status Report to explain the current status regarding settlement negotiations, the parties filed a JSR and proposed schedule. They agree that for the time being, settlement possibilities have been exhausted.

The parties also agree that the "citizens' suit" under the Clean Water Act alleging illegal filling of wetlands by defendants Mainlander and Oien will require trial if not resolved by dispositive motions. The parties agree on a scheduling order for the Clean Water Act claims against the private defendants.

The parties also agree that the claims exclusively against the federal defendants under the Administrative Procedures Act for judicial review of a Clean Water Act permit decision made by the Corps that authorized Mainlander and Oien to discharge fill material into certain wetlands are appropriately resolved through summary judgment briefing and are limited to the agency's administrative record using the standards of review in the Administrative Procedures Act.

ORDER - 1

There is a dispute among the parties as to the appropriate schedule for the Administrative Procedures Act claims against the Corps. Plaintiff, with the burden of proof on the challenges it raises to the Corps' permit decision contends it should be allowed to file the opening and closing briefs. The federal defendants agree that Plaintiff should file the opening brief, but that briefing should continue on staggered summary judgment cross-motions, with plaintiff filing the opening motion, followed by the federal defendants' cross-motion.

The Court prefers the briefing schedule for cross-motions on summary judgment as set forth in Part III B "Corps' Proposal" of the JSR. The Court will enter a scheduling order setting the action dates leading to trial.

NOW, THEREFORE, IT IS ORDERED:

1. The Court adopts that part of the Joint Status Report Part II for Clean Water Act claims against the private defendants, and the Clerk of the Court shall insert this Part II briefing schedule into the Scheduling Order Setting Trial and Pretrial Dates;

2. The Court adopts that part of the Joint Status Report Part III.B. "Corps" Proposal" as the briefing schedule for cross-motions for summary judgment on the APA claims against the Army Corps of Engineers, and the Clerk of the Court shall insert this Part III.B. briefing schedule into the Scheduling Order Setting Trial and Pretrial Dates.

DATED this 11th day of May, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2