UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILD BAINBRIDGE, a non-profit corporation,<br><br>                  Plaintiff,<br><br>    v.<br><br>MAINLANDER SERVICES CORPORATION, an Oregon corporation; OIEN CONSTRUCTION, INC., a Washington corporation; UNITED STATES ARMY CORPS OF ENGINEERS, a federal agency, et al.,<br><br>                  Defendants. | CASE NO. C04-5054BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE ARMY CORPS OF ENGINEERS |

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Summary Judgment Against the Army Corps of Engineers (Dkt. 64). The Court has considered the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. DISCUSSION**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

ORDER – 1

Local Rule CR 7(h)(1). Plaintiff contends that the Court's denial of Plaintiff's motion for summary judgment constitutes manifest error because the Court found that the United States Army Corps of Engineers ("Corps") inspector dug only three test pits in 2001, because the drawing of the wetland fill in 2001 is a scientific conclusion based on a synthesis of data by wetland experts, because the Court drew a different conclusion than that advanced by the Corps, and because the drawing of the wetland fill was not an estimate. Dkt. 64.

>   With respect to the 2001 field drawing, the Court noted the following:
> 
>   As part of its investigation, the Corps inspector dug three test pits along the perimeter of a triangular area to identify whether wetlands previously existed there but did not dig any test pits in the interior of the triangle. AR000096. The three data points formed a right triangle. *Id.* The Corps investigator who inspected the site drew a field sketch roughly twice the size of the right triangle formed by the three data points. *Id.* The left half of the sketch contains no data points. *Id.* The height of the triangle is 100 feet, and the width is 120 feet. *Id.* The sketch appears to be merely an estimate of Mainlander's fill because the Corps investigator considered both the size of the wetland and the portion of the wetland potentially impacted by the fill to be "unknown." AR000131. By one account, Wetland X was no longer evident in October of 2001. AR000056.

Dkt. 62 at 3. The Court noted that the 2001 field drawing included only three data points and that Wild Bainbridge did not contend or demonstrate that the area inside of the three data points totaled more than .10 acres. *Id.* at 12. The Court referred to only the three test pits reflected in the sketch but did not hold that the inspector "only" dug three test pits. The Court addressed the data referenced in the sketch relied upon by Plaintiff and concluded that the data underlying the sketch did not indicate that the size of Mainlander's wetland fill was more than .10 acres and that the issuance of an after-the-fact permit pursuant to Nationwide Permit 18 was not arbitrary and capricious. *Id.* at 13. The Court's reference to data used to create the field drawing was not manifest error and is not a scientific conclusion.

ORDER – 2

Wild Bainbridge also contends that the Court's summation of the sketch as an estimate was in error. In describing the wetland in 2001 generally, the Court noted that the 2001 field drawing "appear[ed] to be merely an estimate" both because the Corps investigator indicated that the size of the wetland as a whole and the portion of the wetland potentially impacted by the fill were "unknown" and because, by one account, Wetland X was no longer evident in late 2001. Dkt. 62 at 3. The Court's summation of the sketch as apparently constituting an estimate was not manifest error.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Summary Judgment Against the Army Corps of Engineers (Dkt. 64) is **DENIED**.

DATED this 11th day of March, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3