UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILD BAINBRIDGE, a non-profit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>MAINLANDER SERVICES CORPORATION, an Oregon corporation; OIEN CONSTRUCTION, INC., a Washington corporation; UNITED STATES ARMY CORPS OF ENGINEERS, a federal agency, et al.,<br><br>        Defendants. | CASE NO. C04-5054BHS<br><br>ORDER GRANTING RENEWED MOTION TO WITHDRAW |

This matter comes before the Court on counsel for Wild Bainbridge's Renewed Motion to Withdraw (Dkt. 77). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 7, 2008, counsel for Wild Bainbridge moved to withdraw from representation of Wild Bainbridge in this matter on the grounds of "[p]rofessional considerations." Dkt. 68 at 1. Though not indicated in the caption or in the proposed

ORDER - 1

1  order, the motion also sought an extension of the discovery completion date to June 3,
2  2008. Dkt. 68 at 2.

3        The Court noted that the basis for the motion for withdrawal was unclear and that
4  the motion did not disclose whether Wild Bainbridge objected to the withdrawal of
5  counsel, the basis for the attempted withdrawal, or the attempts of Plaintiff's counsel to
6  obtain substitute counsel, if any. Dkt. 71 at 2-3. The Court denied the motion for failure to
7  comply with Local Rule GR 2(g)(4)(B). *Id.* at 3.

## II. DISCUSSION

      Attorneys may withdraw from representation in a civil case by filing a motion or stipulation for withdrawal and certifying that the motion or stipulation was served on the client:

> No attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of court. Leave shall be obtained by filing a motion or a stipulation for withdrawal or, if appropriate, by complying with the requirement of CrR 5(d)(2). A motion for withdrawal shall be noted in accordance with CR 7(d)(2) or CrR 12(c)(7) and shall include a certification that the motion was served on the client and opposing counsel. A stipulation for withdrawal shall also include a certification that it has been served upon the client. **The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case.**

Local Rule GR 2(g)(4)(A) (emphasis added).

      Pursuant to 28 U.S.C. § 1654, parties may appear personally in federal court or through licensed counsel. Courts have uniformly interpreted 28 U.S.C. § 1654 to prohibit corporations, partnerships, and associations from appearing in federal court other than through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Accordingly, the Local Rules of the Western District of Washington impose special requirements on attorneys seeking to withdraw from representation of corporations:

> If the attorney for a corporation is seeking to withdraw, the attorney shall certify to the court that he or she has advised the corporation that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the corporation's

ORDER - 2

> claims for failure to prosecute and/or entry of default against the corporation as to any claims of other parties.

Local Rule GR 2(g)(4)(B).

In this case, the discovery deadline was May 2, 2008, one day before the Renewed Motion to Withdraw was filed. *See* Dkt. 67. Plaintiff's counsel seeks to withdraw out of professional considerations. Dkt. 78 at 2. Plaintiff's counsel informed Wild Bainbridge of the motion to withdraw, and Wild Bainbridge apparently prefers to retain its current counsel. *Id.* Plaintiff's counsel certifies that Wild Bainbridge has been advised that it is required by law to be represented by counsel and that failure to obtain substitute counsel may result in dismissal of Plaintiff's claims. Dkt. 78 at 3.

Mainlander opposes the motion because Wild Bainbridge has provided no assurance that it intends to abide by the September 16, 2008, trial date. *See* Dkt. 85 at 2. As the Court noted previously, whether an extension of the trial date is warranted should be addressed, upon a proper motion, only after substitute counsel appears on behalf of Wild Bainbridge. *See* Dkt. 71 at 3. Upon such motion, if any, Mainlander will have a full opportunity to state its opposition to a continuance.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Wild Bainbridge's Renewed Motion to Withdraw (Dkt. 77) is **GRANTED**.

DATED this 29th day of May, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3